UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:14CV-00522-JHM

KATHERINE FRAZE                                                                            PLAINTIFF

V.

METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY                                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on objections by Defendant, Metropolitan Property and Casualty Insurance Company, to Plaintiff's witness and exhibit lists [DN 80] and on objections by Plaintiff, Katherine Fraze, to Defendant's witness and exhibit lists [DN 81]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

This action concerns an insurance claim resulting from a fire at a farmhouse on Billtown Road which is owned by Jean Decker. The Plaintiff, Kathy Fraze, served as Ms. Decker's caregiver since the death of Ms. Decker's son on December 6, 2012. On December 14, 2012, Plaintiff applied for renter's insurance from Defendant, Metropolitan Property and Casualty Insurance Company, to cover personal property located in the farmhouse. According to the Plaintiff, some of the contents in the farmhouse had been gifted to her by Ms. Decker after the death of Ms. Decker's son. A fire occurred at the property on July 22, 2013.

Despite Plaintiff's claim and demand under the policy, the Defendant has failed to pay the claim. On July 22, 2014, Plaintiff filed this action against Defendant for breach of the insurance contract and for bad faith. Defendant answered and filed a counterclaim seeking a judgment declaring the rights of the respective parties as to the insurance coverage available to

Plaintiff under the policy in question. By Memorandum Opinion and Order entered on March 10, 2017, the Court denied Defendant's motion for summary judgment seeking a declaration that the Renter's Insurance Policy is null and void and that Metropolitan owes no insurance coverage to Plaintiff for her claimed loss herein. Pursuant to the scheduling order, the parties submitted objections to the other party's witness list, designation of witness testimony, and exhibit list.

## II. Objection by Defendant [DN 80]

Defendant filed an objection [DN 80] to Plaintiff's witness list, designation of testimony, and exhibit list [DN 78]. Plaintiff filed a response to the objection [DN 85].

**1. Jean M. Decker**

Defendant objects to the introduction of Ms. Decker's deposition absent a judicial finding of her unavailability under Fed. R. Evid. 804. Additionally, Defendant objects to the introduction of the affidavit of Ms. Decker dated November 21, 2016, for the reasons addressed in Defendant's motion to strike which the Court denied in its March 10, 2017, Memorandum Opinion and Order.

A party seeking to admit a deposition at trial must prove that the requirements of Fed. R. Civ. P. 32(a) have been met. Allgeier v. United States, 909 F.2d 869, 876 (6th Cir. 1990). Rule 32(a)(4) provides that the deposition of a witness may be used by any party for any purpose if the court finds that the witness is dead; the witness is more than 100 miles from the place of hearing or trial or is outside the United States; the witness cannot attend or testify because of age, illness, infirmity, or imprisonment; or if the party offering the deposition could not procure the witness's attendance by subpoena.

Furthermore, under Fed. R. Evid. 804(b), former testimony is not excluded by the rule against hearsay if the declarant is unavailable as a witness and the former testimony

> A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
> B) is now offered against a party who had--or, in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Fed. R. Evid. 804(b)(1). See, e.g., Westlake Vinyls, Inc. v. Goodrich Corp., 2007 WL 3046527, *1–2 (W.D. Ky. Oct. 18, 2007).

In the present case, the trial date for this action has not been set. Plaintiff has tendered no evidence that Ms. Decker is not available for trial at this time. Therefore, the decision by the Court on the admissibility of the deposition of Ms. Decker is reserved for trial. With respect to the use of the affidavit of Ms. Decker at trial, the Court would note that affidavit testimony is "classically categorized as hearsay because such extrajudicial statements are not subject to cross-examination." Commercial Law Corp., P.C. v. Fed. Deposit Ins. Corp., 2015 WL 7450149, *4 (E.D. Mich. Nov. 24, 2015). Therefore, Plaintiff cannot use the affidavit of Ms. Decker at trial unless she established that the statement is not hearsay or establishes that an exception exists that allow her to use the affidavit. Id. At this time, Plaintiff has not offered any authority for the use of the affidavit of Ms. Decker at trial. Accordingly, this objection is best addressed at the trial of the matter.

**2. Paulette Kershner**

Defendant objects to any expert testimony sought from Kershner as she has admitted under oath that she is not an expert, did not perform any expert analysis for Plaintiff, and because Plaintiff has withdrawn her expert witness disclosure identifying her as an expert in the valuation of antique furniture lost in the fire. Defendant also objects to the introduction of Kershner's deposition absent a judicial finding that she is unavailable within the meaning of Fed. R. Evid. 804. In response, Plaintiff indicates that the importance of Kershner's testimony primarily

regards the bad faith element of this claim. According to Plaintiff, Kershner's testimony about Defendant's threats to her if she did testify are compelling and need to be heard by a jury concerning Defendant's bad faith.

A review of the record indicates that the Plaintiff's bad faith claim has been bifurcated from the underlying coverage and damages claims. [DN 13] Plaintiff does not dispute that that she has withdrawn Kershner as an expert witness regarding the valuation of the antique furniture lost in the fire. Accordingly, Defendant's objection to any expert testimony by Paulette Kershner is **SUSTAINED** in regards to the underlying coverage claim.

### 3. Debra Benvenuto

Defendant objects to Plaintiff calling Debra Benvenuto, Metropolitan Senior Claims Adjuster, as a witness because she was not part of the initial investigation of the claim. She is the current claim adjuster supervising and overseeing the present claim and litigation. Defendant argues that any efforts to call Benvenuto will result in irrelevant testimony and confusion for the jury. Defendant also maintains that her testimony will compromise and prejudice Defendant by injecting into the present action an effort to seek information that is part of the portion of the case that has been bifurcated.

In response, Plaintiff argues that as the current claim adjuster of this claim, Benvenuto has relevant information regarding Defendant's claims decision-making process, the many irresponsible decisions made by Defendant, and the unfounded charges made by Defendant against Plaintiff. According to Plaintiff, Defendant made an early decision to deny this claim. And, once the notion of arson was dispelled, in lieu of attempting to resolve the claim, MET has asserted non-relevant policy defenses regarding "residence" and attempted to craft a storyline wherein the claimant has been charged with fabricating her loss.

As noted above, Plaintiff's bad faith claim has been bifurcated from the underlying coverage claim. [DN 13] It appears from the Plaintiff's response that Benvenuto's entire testimony is related to the bad faith claim, as opposed to the coverage claim. Accordingly, in as much as Debra Benvenuto's testimony is related to Plaintiff's bad faith claim, the objection by Defendant to her testimony at the first trial is **SUSTAINED.**

### 4. Monna Nabers, Victoria Grace Martin, and Phillip Burnett

In the Court's March 10, 2017, Memorandum Opinion and Order, the Court denied Defendant's request to strike Plaintiff's supplement to its Rule 26(a)(1) disclosures. (Defendant Reply [DN 79] at 6.) The Court extended the discovery deadline to April 10, 2017, for the limited purpose of Defendant taking the deposition testimony of Victoria Martin, Monna Nabers, and Philip Burnett. Therefore, the objection by Defendant to their testimony is **OVERRULED**.

### 5. Hartford Insurance Policy

Defendant objects to the introduction of the Hartford Insurance Policy as wholly irrelevant, immaterial, and potentially prejudicial to the issues involved in this litigation. Plaintiff did not respond to this objection. Therefore, the objection is **SUSTAINED**.

### III. Objection by Plaintiff [DN 81]

Plaintiff, Katherine Fraze, filed an objection [DN 81] to Defendant's witness list, designation of testimony, and exhibit list [DN 77]. Defendant filed a response to the objection [DN 82]. Plaintiff objects to Defendant calling Sean Brinley, Donnie Snelling, and Donald Kimbro as witnesses. Brinley, Snelling, and Kimbro are neighbors to the Billtown Road property. Plaintiff maintains that these witnesses have made conclusory statements concerning Plaintiff's residency at the farmhouse which are not based in fact. As such, Plaintiff objects to

any testimony from any of these three witnesses regarding their opinions about Plaintiff's residency at the Billtown Road property.

Defendant responds that these witnesses have relevant, first-hand observations and testimony offered either to refute Plaintiff's claims of residing at the Billtown farmhouse since December 2012 or to refute the existence of valuable items of property within the house before and after the fire.

Questions of fact exist as to whether Plaintiff's representations that she resided at the property are false and whether Plaintiff included non-existent items in her proof of loss. Accordingly, the testimony from Brinley, Snelling, and Kimbro is relevant. Plaintiff will be able to explore and challenge their testimony through cross-examine and presentation of contrary evidence. Thus, Plaintiff's objection to the utilization of these three witnesses at trial is **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the objections by Defendant, Metropolitan Property and Casualty Insurance Company, to Plaintiff's witness and exhibit lists [DN 80] are **SUSTAINED IN PART AND OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that the objections by Plaintiff, Katherine Fraze, to Defendant's witness and exhibit lists [DN 81] are **OVERRULED**.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

April 6, 2017